E. A. STROUT FARM AGENCY *vs*. EDITH I. McTEER, Admrx.

Kennebec.   Opinion October 11, 1913.

*Contract.    Listed and Advertised.    Mortgage.    Sale.    Sale by Mortgagee.*
*Withdrawal.*

A farm subject to mortgage containing a power of sale was placed in a
farm agency for sale.   The agency contract contained the following agree-
ment, signed by the owner,—"Should I withdraw the said estate from
your hands before you have procured a purchaser, I will 'pay a withdrawal
fee.' "

*Held:*
That a sale under the power of sale in the mortgage was not a withdrawal
within the meaning of the terms of the contract.

On report upon an agreed statement of facts.   Judgment for
defendant.

This is an action of assumpsit upon a written contract to recover
the sum of three hundred and forty dollars, designated in said con-
tract as a withdrawal fee.   On the 24th day of May, 1907, Cornelia
S. Rogers owned certain real estate which she placed in plaintiffs'
hands for sale.   The contract which was in wrting contained among
its provisions the following:   "Should I withdraw the said estate
from your hands before you have procured a purchaser, I will, in
consideration of your having listed the property, pay you forthwith
$20 or two per cent of the asking price if above $1000, to be known
as the withdrawal fee."

At the time this contract was made, there was a mortgage on said
real estate which contained a power of sale upon breach of condi-
tions in said mortgage.   Subsequently the mortgagee sold the prop-
erty for the breach of said condition.   The case was reported to the
Law Court upon an agreed statement of facts.

The case is stated in the opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*A. J. Dunton,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J.   This case comes before the court upon an agreed statement of facts.   The defendant's intestate placed certain real estate in the hands of the plaintiff for sale, and it was "listed" and advertized by the plaintiff.   One clause in the contract, which was in writing, and signed by the owner, was in these words: "Should I withdraw the said estate from your hands before you have procured a purchaser I will in consideration of your having listed the property, pay you forthwith $20, or two per cent of the 'asking price' if above $1000, to be known as the 'withdrawal fee.'"   At the time the contract was made, the real estate was subject to a mortgage containing a power of sale upon breach of condition.   Subsequently, the mortgagee sold the property for breach of condition in the mortgage.   Thereupon, the plaintiff brought this suit to recover the withdrawal fee stipulated in the contract.   It claims that the sale under the mortgage was a withdrawal within the meaning of the terms of the contract. It is not claimed that the owner in any other way withdrew the property from sale.

The decision of the case, therefore, depends upon the interpretation of the word "withdraw" in the contract.   Is the sale under the mortgage to be deemed a withdrawal by the owner, upon a fair construction of the contract?   We think not.   In construing a written contract the words used are to be taken in the ordinary sense, unless the contract shows that the parties intended to use them in a different sense.   *Strout Co.* v. *Gay,* 105 Maine, 108.   The language used in this contract seems to relate to a voluntary act on the part of the owner, and in this sense the owner had a right to understand it.

It does not seem to us broad enough to cover the contingency of a sale under mortgage.   The plaintiff's right to recover rests solely in the contract.   If it had wished to have the right to recover the withdrawal fee depend on the happening of other contingencies than that of a voluntary withdrawal, it might have insisted on having the right expressed in the contract.

*Judgment for the defendant.*